IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| IN RE: | * |
| NAKADDU, LLC, | * Chapter 11 Case No. 19-10977 |
| Debtor. | * |
| KIGGUN PROPERTIES, LLC, | * |
| Appellant, | * |
| v. | * Appeal Case No. CV 119-204 |
| UNITED STATES TRUSTEE, | * |
| Appellee. | * |

**O R D E R**

This bankruptcy appeal arises from the United States Bankruptcy Court for the Southern District of Georgia, Augusta Division's ("Bankruptcy Court") November 21, 2019 Order denying Appellant's motion to quash subpoena. (Bankruptcy Court Order, Doc. 1-4.) The Bankruptcy Court, on more than one occasion, informed Jerome Kiggundu that he may not proceed *pro se* on behalf of a limited liability corporation. (Oct. 1, 2019 Hr'g Tr., Doc. 5, at 5, 19; Notice of Requirement to Retain Counsel, Doc. 1-2; Notice of Defective Appeal, Doc. 1-5.) Nevertheless, Mr. Kiggundu signed Appellant's Brief "*pro se.*"[1] (Appellant's Br., Doc. 10, at

---

[1] The Docket contains a notation that Kevin J. Cowart, Esq. appeared on behalf of Appellant. (Jan. 23, 2020 Docket Entry.) The record contains no evidence,

3.) "The rule is well established that . . . an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). The rule even bars representation by an entity's "president and major stockholder." Id. For these reasons, Appellant's appeal is **DISMISSED**. See Potter v. Altman, 647 F. App'x 974, 976 (11th Cir. 2016) (dismissing bankruptcy appeal as to corporate entity appearing *pro se*). The Clerk is **DIRECTED** to **TERMINATE** all deadlines and motions, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of May, 2020.

                                     _____
                                     J. RANDAL HALL, CHIEF JUDGE
                                     UNITED STATES DISTRICT COURT
                                     SOUTHERN DISTRICT OF GEORGIA

---

however, that Mr. Cowart properly appeared pursuant to Local Rule 83 or otherwise.

2